In the Matter of ELLIOT GROSS, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, March 12, 1987

## APPEARANCES OF COUNSEL

*Squadron, Ellenoff, Plesent & Lehrer (Howard M. Squadron* of counsel), for petitioner.

*Robert Abrams, Attorney-General (John J. O'Grady* of counsel), for respondents.

**OPINION OF THE COURT**

HARVEY, J.

Petitioner has been the subject of several investigations into alleged wrongdoings committed by him in his capacity as the Chief Medical Examiner for New York City. The present proceeding concerns charges brought against him by the Office of Professional Medical Conduct which alleged professional misconduct under Education Law § 6509 (2). Petitioner moved to dismiss the charges against him asserting, *inter alia,* that the State Board for Professional Medical Conduct (hereinafter State Board) lacked subject matter jurisdiction over the matter. Petitioner's motion was granted by the Department of Health's Administrative Officer (hereinafter AO) on the ground that the performance of an autopsy is not within the statutory definition of the practice of medicine and, therefore, the State Board lacked jurisdiction to bring the charges in question. The Commissioner of Health and the Board of Regents reviewed the AO's decision and recommended reversal. The Commissioner of Education issued an order reversing the AO's decision, reinstating the charges, and remanding the matter for a hearing on the charges. Petitioner then commenced the present proceeding.

■ Respondents initially contend that the matter is not properly before this court because the order remanding the matter to the hearing panel is nonfinal. When a petitioner seeks prohibition, a CPLR article 78 proceeding can properly be before this court even if the challenged order is nonfinal *(Institute for Resource Mgt. v Roberts,* 122 AD2d 465). Here, petitioner is seeking prohibition in that he challenges respondents' jurisdiction to proceed against him. Hence, the matter is properly before this court.

■ Petitioner argues that the AO's decision that the State Board lacked subject matter jurisdiction was not a factual determination but a legal determination, and thus, respondents did not have jurisdiction to review the AO's decision. We do not read Public Health Law § 230 and Education Law § 6510-a to preclude the Board of Regents or the Commissioner of Health from reviewing legal determinations by the AO. When the Legislature amended the law in regard to the processing of charges of professional medical misconduct in 1975, there was no AO appointed to rule on questions of law (L 1975, ch 109). In 1980, the procedure was amended to allow for an AO who had authority to rule on questions of law (L

1980, ch 866, § 11). There is no indication in the legislative history that the Legislature intended this amendment to totally remove review of legal decisions from the administrative proceedings. Nor are we convinced that the Legislature intended to remove from the Commissioner of Health and the Board of Regents the ability to make the legal determination whether a given set of facts fell within the scope of the statute defining misconduct.

    ■ Petitioner next argues that the practice of medicine does not include the performance of autopsies and, thus, respondents erroneously determined that the State Board had jurisdiction to bring the present charges. The practice of medicine is defined as "diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition" (Education Law § 6521). When performing his duties as Chief Medical Examiner, petitioner performs autopsies for the purpose of *diagnosing* the cause of death of human beings. The statute does not establish, as contended by petitioner, that medicine can only be practiced upon a living human. Indeed, if the Legislature had intended such a result, it could have included the word "living" in the provision in question as it did when defining the practice of veterinary medicine *(see,* Education Law § 6701). Respondents' interpretation of the statute which defines the practice of medicine to include petitioner's activities as medical examiner is rational. Hence, we conclude that the State Board had jurisdiction to bring charges against petitioner.

    Finally, petitioner's contention that the doctrine of res judicata and collateral estoppel bar the present proceeding is meritless. The Liman Commission, which investigated petitioner on behalf of New York City, specifically stated that its "mission" was different from the State investigation.

    KANE, J. P., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

    Determination confirmed, and petition dismissed, without costs.