OPINION OF THE COURT
Stephen G. Crane, J.
The People move in this homicide case to strike defendant’s notice of intent to present psychiatric evidence at his trial. *1077 (CPL 250.10.) This notice is dated April 15, 1987. It contained no particulars and specified no subdivision of CPL 250.10 on which defendant is relying.
On May 19, 1987 the People served a so-called "Demand Pursuant to CPL Article 250.” They sought a specification of the subdivision on which defendant intends to rely, the names and addresses of the experts who have examined him and any reports generated by these examiners. Defendant has not responded. Consequently, the People now ask the court to strike the defendant’s notice.
Defendant argues that the prosecutor’s demand is unauthorized by the Criminal Procedure Law. Therefore, he asserts that he had no obligation to respond to it and that he has done all that is required of him by CPL 250.10. Indeed, defendant criticizes the People for failing to resort to the procedures that are authorized in the CPL: A demand to produce under CPL 240.30; a motion for discovery authorized by CPL 240.40 (2); a motion to direct a psychiatric examination by the People’s expert contemplated by CPL 250.10 (3).
CPL 250.10 embodies the procedure a defendant must follow in order to admit at trial any psychiatric evidence that he may offer. This procedure requires a defendant to serve "a written notice of his intention to present psychiatric evidence” (CPL 250.10 [2]). "Psychiatric evidence” is a defined term meaning:
"(a) Evidence of mental disease or defect to be offered by the defendant in connection with the affirmative defense of lack of criminal responsibility by reason of mental disease or defect.
"(b) Evidence of mental disease or defect to be offered by the defendant in connection with the affirmative defense of extreme emotional disturbance * * *
"(c) Evidence of mental disease or defect to be offered by the defendant in connection with any other defense not specified in the preceding paragraphs.” (CPL 250.10 [1].)
This procedure, added to section 336 of the Code of Criminal Procedure by Laws of 1963 (ch 595),[1] was intended to extricate the People from unfair disadvantage and surprise stemming from "the sudden interposition of this [insanity] defense”, at trial when the People "may have insufficient opportunity to *1078 obtain the psychiatric and other evidence necessary to refute [the defense] and to establish * * * the defendant’s sanity” (Mem of Commn on Rev of Penal Law and Criminal Code, 1963 McKinney’s Session Laws of NY, at 1986; see also, Interim Report of State of NY Temporary Commn on Rev of Penal Law and Criminal Code, 1963 NY Legis Doc No. 8, at 26 [Feb. 1,1963]).
Does CPL 250.10 procedurally accomplish the objective of its drafters? Useful in answering this question is a comparison of CPL 250.10 with CPL 250.20 (notice of alibi) and CPL 250.30 (notice of defenses in offenses involving computers). CPL 250.20 requires specificity of place of alibi and witnesses defendant expects to call at trial in support of this defense. CPL 250.30 demands no less detail of a defense under Penal Law § 156.50.[2] The notice must, indeed, specify "the subdivision or subdivisions upon which the defendant relies and * * * the reasonable grounds that led the defendant to believe [that he had the authorization to do what he did]”. (CPL 250.30 [2].) CPL 250.10 and 250.20 impose reciprocal obligations on the prosecutor to reveal the evidence the People may use to rebut the defense (CPL 250.20 [2]; 250.10 [4]; contrast, CPL 250.30).[3] Each of the notice procedures (insanity, alibi and computer defenses) provides a sanction, generally a preclusion of testimony or evidence in support of the defense. CPL 250.20 stipulates a similar preclusion where the prosecutor has violated his or her duty of reciprocal notice.[4]
*1079 The scheme in these requirements that defendant give notice of these defenses is to prevent trial by ambush and to enhance their determination on the merits. (See, Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 442.) The procedures in CPL 250.10, however, in contrast to their immediately succeeding neighbors, lack the precision of notice imposed on defendants necessary to vindicate the objective of enlightening the prosecutor. Not only is a defendant not required to specify which paragraph or paragraphs of CPL 250.10 (1) he relies on, but he is also exempt from naming the defense psychiatric experts or supplying any reports. Further, there is no procedure to permit the prosecutor to obtain greater specificity. These are defects in CPL 250.10 that allow defendant at bar, quite justifiably (although by way of exalting form over substance), to assert that he has complied with the statutory mandates. Here is a lacuna that undermines the legislative intent to prevent surprise of the prosecutor and unfair disadvantage to the People.
Because of this deficiency this court commends to the Legislature consideration of a remedy for this problem. In the absence of a current procedural solution in CPL 250.10, the court must look elsewhere to resolve the motion at hand.
First, the doctrine of statutory construction that permits interpretation of statutes in pari materia (McKinney’s Cons Laws of NY, Book 1, Statutes § 221) suggests that a specificity requirement be incorporated by implication in CPL 250.10. After all, the notice defendant Kelvin Davis served is tantamount to no notice. At least defendant should have specified the paragraph or paragraphs on which he relies. (Cf, CPL 250.30 [2].) This would be one small step in preparing the Assistant District Attorney to respond to whatever psychiatric evidence defendant proposes to offer. Now, there are no procedures in any of the notice provisions (CPL 250.10, 250.20, 250.30) to strike a notice of intent to interpose the defense. The remedy is preclusion of evidence at trial. Therefore, deficient though defendant’s notice under CPL 250.10 may be, there is no sanction at this point in the litigation. Of course, a defendant "plays with fire” by maintaining reliance on a deficient notice because the court may preclude his or her *1080 psychiatric evidence at trial. Consequently, the disposition of this motion shall be without prejudice to defendant’s service of a more particularized notice of intent to proffer psychiatric evidence.
Neither is there a remedy for the prosecutor in a bill of particulars. This procedure (CPL 200.95) runs only in favor of the defendant. Contrast CPL 240.30 (1) (a), which is the reciprocal of CPL 240.20 (1) (c). Thus, the only relief available to the People, limited though it may be, is found in CPL 240.30. This requires a defendant upon demand to disclose any document or report concerning a mental examination of the defendant if he has filed a CPL 250.10 notice and the document relates thereto. (People v Cruickshank, 105 AD2d 325, 331, affd sub nom. People v Dawn Maria C., 67 NY2d 625.)
Though the People have made no demand directly predicated on CPL 240.30, the court construes the prosecutor’s "Demand Pursuant to CPL Article 250” dated May 19, 1987, as invoking the provisions of CPL 240.30, insofar as it requested "reports, both formal and informal, generated by any expert who has examined the defendant.” The mistake in form will be disregarded since the defendant is not prejudiced. (Cf, CPLR 2001.) While the defense psychiatric expert may avoid disclosure of his opinion by forebearing from writing a report, he is required to maintain an accurate record reflecting interviews and evaluations of defendant (Education Law § 6509 [9]; 8 NYCRR 29.2 [a] [3]).[5] These are discoverable under CPL 240.30.
Finally, the motion to strike the defense proffered under CPL 250.10, as indicated above, does not lie. The appropriate sanction would only be to preclude the defendant’s psychiatric evidence, but not the defense. (Matter of Lee v County Ct. of Erie County, supra.) However, the notice of motion contains a request for "further relief as * * * may seem proper.” In response to this omnibus request and in the spirit of CPLR 2001, the motion is treated as one to enforce the People’s demand of May 19, 1987, deemed to be a request under CPL 240.30. The motion is granted and defendant shall be prohibited at the trial from introducing any "psychiatric evidence” as defined in CPL 250.10 (1) (a), (b) and (c) unless within 10 *1081 days from the date hereof he shall disclose and make available to the Assistant District Attorney for inspection and copying (1) any report or document concerning a mental examination made at the request or direction of the defendant; (2) any such report or document relating to his notice of intent to proffer psychiatric evidence; and (3) any such report or document made by a person other than defendant whom he intends to call as a witness at trial. Furthermore, the defendant shall disclose and make similarly available any such reports or documents not yet in existence within five business days of their receipt by defense counsel. This disposition is without prejudice to service by defendant of an amended and more meaningful notice under CPL 250.10 specifying the particular paragraph or paragraphs of subdivision (1) on which he intends to rely.

. The only change from section 336 of the Code of Criminal Procedure brought by CPL 250.10 was an extension of the period within which defendant is required to file the notice. (See, Pitler, New York Criminal Practice under the CPL § 10.15, at 478 [1972].)

. "§ 156.50 Offenses involving computers; defenses
"In any prosecution:
"1. under section 156.05 or 156.10 of this article, it shall be a defense that the defendant had reasonable grounds to believe that he had authorization to use the computer;
"2. under section 156.20 or 156.25 of this article it shall be a defense that the defendant had reasonable grounds to believe that he had the right to alter in any manner or destroy the computer data or the computer program;
"3. under section 156.30 of this article it shall be a defense that the defendant had reasonable grounds to believe that he had the right to copy, reproduce or duplicate in any manner the computer data or the computer program.”

. Professor Peter Preiser in his 1986 Practice Commentary to CPL 250.30 (McKinney’s Cons Laws of NY, Book 11A, 1987 Pocket Part, at 139) questions the constitutionality under Wardius v Oregon (412 US 470) of the omission of reciprocity in CPL 250.30.

. A similar penalty in the context of CPL 250.10 is unnecessary because the defendant can only be examined by a prosecution expert on notice and with a right to be accompanied by counsel. (CPL 250.10 [3].) Moreover, the prosecution expert, in contrast to defendant’s examiners, must prepare a *1079 written report and supply a copy to defense counsel. (CPL 250.10 [4].) Without following this procedure, the prosecutor could not present expert testimony based on an examination of defendant. No such examination would have occurred.

. This requirement is not altered by the fact that the defendant in this case was referred to a defense mental health expert for forensic mental health evaluation rather than for other mental health services. (Cf., Matter of Gross v Ambach, 126 AD2d 1, 4 [3d Dept 1987].)