*78 OPINION OF THE COURT
Budd G. Goodman, J.
Questions Presented
When a defendant serves notice pursuant to CPL 250.10 of intent to proffer "psychiatric evidence” in the form of expert testimony by a defense-retained psychologist (1) can the court compel defendant to have this expert prepare and provide a report outlining his or her opinion as to defendant’s mental state at the time of the crimes charged and the basis for that opinion, and (2) can the court compel defendant to turn over to the People this expert’s notes in relation to the evaluation of defendant?
Statement of the Case
Defendant has been charged with murder, second degree (Penal Law § 125.25). It is alleged that with the intent to cause the death of her former husband she caused his death by stabbing him. By letter dated June 27, 1989, defendant served notice of intent to proffer "psychiatric evidence” in the form of expert testimony of two psychologists. In August, defense counsel indicated that he would not interpose a defense of lack of criminal responsibility in this case. By letter dated September 12, 1989, defendant served an amended notice of intent to present "psychiatric evidence” pursuant to CPL 250.10 (1) (c). Defendant’s notice indicated that she planned to call at trial a psychologist, Dr. Martha Rosen. Dr. Rosen would testify that, at the time of the offense charged, defendant suffered from a dependent personality disorder and from "battered woman’s syndrome”.
By motion dated September 20, 1989, the People now move for an order, "compelling Dr. Marsha Rosen to prepare a report stating her findings and evaluations concerning the defendant”. Also sought is discovery of the notes of Dr. Rosen’s evaluation of the defendant and a hearing concerning the admissibility of Dr. Rosen’s potential expert testimony.
The defendant opposes the People’s application. With regard to the prosecutor’s request for discovery of Dr. Rosen’s notes, defense counsel asserts that he "refused to turn over the notes of Dr. Rosen. I would not waive the psychologist-patient privilege.” With regard to the People’s request for a report *79 from the defense expert, defense counsel goes on to state, "[t]he defense has not made a tactical decision and told Dr. Rosen not to write a report. Your affirmant didn’t need a report and I wasn’t going to request one because the prosecution wanted one.”
Discovery of the Expert’s Notes
Psychologists and other health care practitioners licensed by the State of New York are required to maintain a record which accurately reflects their evaluation and treatment of any person to whom they provide professional services. (Education Law § 6509; 8 NYCRR 29.2 [a] [3].) This requirement applies equally when a licensed health care professional provides an evaluation for forensic rather than for clinical assessment or treatment purposes. (People v Davis, 136 Misc 2d 1076, 1080, n 5 [Sup Ct 1987]; cf., Matter of Gross v Ambach, 126 AD2d 1, 4 [3d Dept 1987], affd 71 NY2d 859 [1988].)
CPL 240.30 (1) (a) provides, in pertinent part,
"Discovery; upon demand of prosecutor.
"1. Except to the extent protected by court order, upon a demand to produce by the prosecutor, a defendant against whom an indictment * * * is pending shall disclose and make available for inspection * * * copying * * * subject to constitutional limitations:
"a) any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test * * * made by or at the request or direction of, the defendant * * * or if the defendant has filed a notice of intent to proffer psychiatric evidence and such report or document relates thereto, or if such report or document was made by a person, other than defendant, whom defendant intends to call as a witness at trial”.
In the voluntary disclosure form served by the People on defendant and filed by them with the court the People previously made a demand for reciprocal discovery pursuant to CPL 240.30. The notes maintained by the defense psychologist of her interviews and examinations of defendant and of her collateral interviews with other persons conducted as part of her evaluation of defendant as well as the raw data and notes related to any psychodiagnostic tests she administered to *80 defendant are materials discoverable pursuant to that demand.[1]
Defendant’s claim of privilege is not applicable here. Where a defendant places her mental state at issue by raising a question as to her mental state at the time of the crime charged she waives such privilege. It would be unfair to allow defendant to raise a question as to her mental state and to then permit her to hide behind the privilege of self-incriminatian and the psychologist-patient privilege. (See, People v Segal, 54 NY2d 58 [1981]; People v Edney, 39 NY2d 620 [1976]; People v Al-Kanani, 33 NY2d 260 [1973], cert denied 417 US 916 [1974]; Matter of Lee v County Ct., 27 NY2d 432 [1971], cert denied 404 US 823 [1971]; People v Cruickshank, 105 AD2d 325 [3d Dept 1985], affd on other grounds sub nom. People v Dawn Maria C., 67 NY2d 625 [1986].)
Accordingly, defendant is directed to permit the prosecutor to inspect and copy within the next seven days all reports or notes maintained by the defense psychologist of her interviews and examinations of defendant and of her collateral interviews with other persons conducted as part of her evaluation of defendant, any records that relate to defendant’s physical and mental health and psychosocial functioning that she obtained as part of her evaluation of defendant, and the raw data and notes related to any psychodiagnostic tests she administered to defendant. Defendant is cautioned that, pursuant to the provisions of CPL 240.60, the within order of disclosure issued at the People’s request places on defendant a continuing duty to disclose the material set forth herein.
If upon reviewing the material to be disclosed pursuant to this order defense counsel believes that parts of that material should be subject to a protective order, he shall within five days submit the material in question to this court for in camera review together with a motion for a protective order pursuant to CPL 240.50. An affirmation setting forth in detail specific reasons why he believes that particular material should be protected from disclosure should accompany such a motion.
*81 Compelling a Defense Expert to Produce a Report
Had the defense psychologist submitted a written report of her findings, setting forth the basis therefore, such report would be discoverable by the People, upon demand, pursuant to CPL 240.30. However, in this case, the defense expert has failed to prepare a written report. The People seek a court order compelling the production of such a report.
Defendants who wish to proffer evidence of mental disease or defect in .relation to the affirmative defenses of lack of criminal responsibility and extreme emotional disturbance or in relation to other defenses, must serve notice of this intent. Except for good cause, such notice must be filed prior to trial and not more than 30 days after the entry by defendant of a plea of not guilty. (CPL 250.10 [1], [2].)[2] This notice must specify the particular paragraph(s) of CPL 250.10 (1) in relation to which "psychiatric evidence” is to be proffered. (See, People v Davis, 136 Misc 2d 1076, 1079-1080, supra.)
Upon receipt of defendant’s notice the People may seek an order compelling defendant to submit to examination by experts of their choosing. (CPL 250.10 [3].) Upon conclusion of examination of a defendant by the People’s experts, each such expert must promptly prepare a written report of his or her findings and evaluation, a copy of which must be made avail *82 able to defense counsel and to the prosecutor. (CPL 250.10 [4].)[3]
Defense counsel argues that defense experts are not required to prepare a report outlining their findings and evaluations. Whereas CPL 250.10 specifically requires a report be submitted by an expert retained by the People it requires that the defense submit notice of intent to proffer "psychiatric evidence”. It is important to note that "psychiatric evidence” under CPL 250.10 (1) may take many forms. It is not limited to and need not include the opinions of experts. (See, Richardson, Evidence § 364 [m] [Prince 10th ed].)
In Matter of Mulvaney v Dubin (80 AD2d 566 [2d Dept 1981], read on other grounds 55 NY2d 668 [1981]), the Second Department held that a trial court had no authority to compel, pursuant to CPL 240.30, production of a written report of a defense psychiatric expert in relation to an insanity defense when no written report had been prepared. However, Dubin could not address the issue of the interpretation of the notice requirements of CPL 250.10 (1) that were passed subsequently. Also, Dubin could not consider the provisions of the 1985 amendment to CPLR 3101 (d) which liberalized discovery in relation to potential expert witnesses.
Generally, the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended (McKinney’s Cons Laws of NY, Book 1, Statutes §74). However, defense counsel’s apparent reliance here of the absence of express wording in the notice requirement of CPL 250.10 requiring that defense experts submit reports as a basis on which this court should deny the People’s motion is misplaced.
The principles of statutory construction as well as the applicable rules of evidence guide this court in resolving what is an ambiguity as to the meaning of "notice” in CPL 250.10 (1). Therefore, this term is interpreted as requiring: (1) if the "psychiatric evidence” to be proffered consists of psychiatric or other records, the notice should identify those records, (2) if the "psychiatric evidence” to be proffered consists of the *83 observations of defendant by laypersons, those persons should be identified, the nature of their observations of defendant should be set forth and the approximate time and place of and the circumstances relating to those observations should be supplied as part of the notice, and (3) if the "psychiatric evidence” to be proffered consists of expert opinion, the notice should include the name and qualifications of each expert and set forth the substance of the facts and opinions on which each expert is to testify and the bases for each expert’s opinion.
As Judge Bellacosa noted, "Demand discovery, will become an effective and fair tool in the State criminal justice process when it is the product of reasonable mutual trust and cooperation, not when it becomes one side’s toy in a continued playpen setting [CPL 240.30] has been amended this time to provide more ample prosecution discovery of defendant’s material, intended to be introduced at trial (the 'present intention’ bugaboo raises its ugly counterproductive head again, see CPL 240.20). This conforms to and embraces the broader notification requirements imposed on defendants by CPL 250.10, also amended by this Laws of 1982, chapter 558.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.30, at 378.)
I. Statutory Construction
First, the primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a].) In construing a statute, courts should consider the mischief sought to be remedied by the legislation and should construe the statute in question to advance the remedy. (McKinney’s Cons Laws of NY, Book 1, Statutes § 95.)
In this regard, the notice requirement of CPL 250.10 was established to prevent trial by surprise and to enhance the determination of the issues raised thereby on the merits by affording the People an adequate opportunity to review and assess the "psychiatric evidence” to be proffered by the defense and, if appropriate, to obtain psychiatric and other evidence necessary to refute it. (See, People v Davis, 136 Misc 2d 1076,1077-1079, supra.)
Notice that merely states that "psychiatric evidence” is to be proffered in relation to a particular defense or affirmative defense and does not specify the nature of that evidence is *84 tantamount to no notice at all. Viewed in the context of the Legislature’s intent in enacting the provisions of CPL 250.10, to remedy the risk of trial by ambush by affording the People an adequate opportunity to review and assess the "psychiatric evidence” to be proffered by the defense and, if appropriate, to obtain psychiatric and other evidence necessary to refute it, the notice requirement of CPL 250.10 must be read as requiring that such notice not merely recite that evidence of mental disease or defect will be proffered but that it specify in reasonable detail the nature of that evidence.
Second, a basic consideration in the interpretation of a statute is the spirit and purpose underlying its enactment. A statute should be interpreted in a manner that furthers its object, spirit and intent. It should be given a rational interpretation consistent with achieving its purpose and with justice and common sense. A particular provision of a statute should not be given a special meaning at variance with the general purpose unless it is clear that the Legislature so intended. (McKinney’s Cons Laws of NY, Book 1, Statutes § 96.)
Furthermore, in interpreting a statute, one must interpret the statute as a whole, reading all of its parts together to determine the intent of the Legislature in passing it. (McKinney’s Cons Laws of NY, Book 1, Statutes § 77.) If there are two possible interpretations of a statute the court should adopt that which will produce evenhanded results. (McKinney’s Cons Laws of NY, Book 1, Statutes § 147.)
As noted above, by enacting the provisions of CPL 250.10 the Legislature intended to enhance the determination on the merits of issues raised by the defense through its introduction of "psychiatric evidence” by affording the People an adequate opportunity to review and assess the "psychiatric evidence” to be proffered by the defense and, if appropriate, to obtain psychiatric and other evidence necessary to refute it.
Viewed in this light, CPL 250.10 is most logically interpreted as requiring the defense to disclose the opinions of its experts and the bases for those opinions as an integral part of its compliance with the statute’s notice requirement, just as the statute requires a report from the People’s experts, should the People choose to retain experts. To read CPL 250.10 as only requiring the People’s experts to submit reports would produce an unequal and unjust result that is at variance with the general purpose and intent of the statute and which defies common sense.
*85 This court finds no prejudice to defendant by requiring disclosure of the opinions of the experts the defense intends to call at trial and the bases for those opinions. Such disclosure will not alter the quality of the "psychiatric evidence” the defense proposes to offer. It can only assist this court and the trier of fact by focusing the issue more clearly.
Third, in interpreting statutes they should be given reasonable construction, it being presumed that a reasonable result was intended by the Legislature. A construction that might bring contempt upon the administration of justice because it is contrary to the dictates of reason or would lead to unreasonable results should be presumed to be against the intent of the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes § 143.) It is only reasonable that statutes be construed in a manner that does not render them ineffective. (McKinney’s Cons Laws of NY, Book 1, Statutes § 144.)
It is unreasonable to assume that the Legislature intended that the notice required by CPL 250.10 should not include sufficient detail to permit the People to have an adequate opportunity to assess that evidence and to obtain, if appropriate, evidence necessary to refute it. In order for the People to do so they must, of necessity, be informed what the proposed evidence is. Only in this manner can they make a reasoned judgment as to how to proceed to deal with such evidence.[4] To construe the statute as the defense suggests is contrary to the dictates of reason and might lead to unreasonable and unjust results that could lead to contempt for the process of the administration of justice.
It is noted that the primary duty of a prosecutor is not to obtain convictions. Rather, it is to see that justice is done. For example, in this regard, in a case where the defense serves notice pursuant to CPL 250.10 (1) (a) of an affirmative defense *86 of lack of criminal responsibility, the People may, if warranted by the facts and the interests of justice, consent to the acceptance of a plea of not responsible by reason of mental disease or defect pursuant to CPL 220.15 rather than moving the case to trial. To properly assess whether or not it would be appropriate to accept such an affirmative defense in a particular case, the People would first have to be provided with the "psychiatric evidence” on which it is predicated. In enacting the provisions of CPL 220.15 which obviated the need for an unnecessary trial in order to find that a defendant is not responsible by reason of mental disease or defect when all parties agree that such a finding is an appropriate one, the Legislature obviously assumed that such "psychiatric evidence” would be set forth in detail in the notice provided by the defense pursuant to CPL 250.10 (1).
Fourth, courts should avoid construction of a statute which tends to sacrifice or prejudice the public interests. (McKinney’s Cons Laws of NY, Book 1, Statutes § 152.)
To accept defendant’s argument and reject the People’s demand that the defense expert submit a report setting forth her opinion and the bases for it would hamper the prosecutor in the proper discharge of his duty to assess the "psychiatric evidence” the defense indicates it wishes to proffer and to determine how it will proceed with the prosecution of this case in a manner consistent with the interests of justice. Having been provided with a notice that specifies the "psychiatric evidence” to be provided, the prosecutor can make an informed judgment whether or not to accept the defendant’s assertion (for example, as he would have to do in a case where he consents to acceptance of a defendant’s plea pursuant to CPL 220.15 of not responsible by reason of mental disease or defect), whether or not to expend public funds in further investigation or to retain experts, or whether to proceed to trial without any further preparation. To place the prosecutor in a position of having to make this determination in the absence of an adequately specific notice would prejudice the public interest and is contrary to the Legislature’s intent in enacting CPL 250.10.
Fifth, the public policy of the State is evidenced by expression of the will of the Legislature contained in statutory enactments. Such policy is material in the exposition of the legislative intent in other statutes in cases of ambiguity. (McKinney’s Cons Laws of NY, Book 1, Statutes § 126.) It is the public policy of this State to further the search for truth *87 and to enhance the fairness of our adversary system of justice. In this regard, the Legislature has enacted statutes providing for liberal discovery. It has required specific notice by criminal defendants of intent to interpose certain defenses and affirmative defenses. It has also provided for broad discovery in relation to the testimony of potential expert witnesses.[5]
In criminal statutes where there is a requirement that the defense supply notice, this notice must be specific. There is no reason to believe that the Legislature intended that a less specific notice be required in relation to "psychiatric evidence” than it requires in other situations.
II. Applicable Rules of Evidence
Even if one interprets the notice requirement of CPL 250.10 as merely requiring that the defense inform the prosecution that it intends to proffer "psychiatric evidence” and as not requiring that the nature of such "psychiatric evidence” be set forth in the notice, this material would otherwise be discoverable by the prosecutor. In this regard, CPL 250.10 must be read along with the requirements of CPL 60.10.[6] That statute provides, "Unless otherwise provided by statute or by judicially established rules of evidence applicable to criminal cases, the rules of evidence applicable to civil cases are, where appropriate, also applicable to criminal proceedings.”
The issue of the use of expert testimony in relation to issues involving a mental disease or defect arises frequently in both criminal and civil law and is addressed in CPLR 3101 (d), which is applicable here. CPL 3101 (d) provides, in pertinent part, "Trial preparation. 1. Experts, (i) Upon request, each *88 party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the ground’s for each expert’s opinion”.
When reading CPL 250.10 in conjunction with CPLR 3101 (d), it is clear that the defense must, upon request of the prosecutor, provide the name and qualifications of each person whom the defense expects to call as an expert witness at trial in relation to psychiatric issues and must disclose to the prosecutor in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify and a summary of the grounds for each defense expert’s opinion.[7]
Accordingly, because defendant’s notice pursuant to CPL 250.10 (1) (c) is defective, in that it fails to specify in reasonable detail the "psychiatric evidence” to be proffered, if defendant still intends to seek to introduce "psychiatric evidence” at trial, defendant shall within 10 days of receipt of a copy of this order provide the District Attorney and the court with an amended notice pursuant to CPL 250.10 which includes a copy of a detailed written report from each psychiatric expert he wishes to call at trial.[8] Each such report shall set forth the qualifications of the expert, the nature and extent of his or her examinations of defendant, the identity and description of the nature of any other materials (i.e., collateral interviews *89 with others, review of medical/psychiatric records, etc.) upon which he or she relied in rendering his or her opinion, the results of his or her examination of defendant, his or her diagnostic opinion, his or her opinion with regard to the defendant’s mental state at the time of the offense charged in relation to the defense of justification and the bases for his or her opinion.[9]__
*90 In the alternative, defense counsel may comply with the notice requirements of CPL 250.10 by providing to the prosecutor and the court within 10 days of receipt of a copy of this order an amended notice pursuant to CPL 250.10 which includes a statement setting forth in detail the "psychiatric evidence” he intends to proffer at trial. Such statement shall set forth the qualifications of each expert he intends to call at trial, the nature and extent of the examinations of defendant by such experts, the identity and description of the nature of any other materials (i.e., collateral interviews with others, review of medical/psychiatric records, etc.) upon which each expert relied in rendering his or her opinion, the results of each expert’s examination of defendant, each expert’s diagnostic opinion, each expert’s opinion with regard to the defendant’s mental state at the time of the offense charged in relation to the defense of justification and the bases for each expert’s opinion.[10]
Conclusion
The People’s motion to compel the production of the notes of and a written report by the defense’s psychiatric expert is granted in accordance with the opinion set forth above. The People’s motion for a pretrial hearing as to the admissibility of the potential expert testimony of Dr. Rosen is denied at this time, without prejudice, because that application can only be determined by the court once a notice that properly complies with the requirements of CPL 250.10 has been provided by defense counsel. Until such notice is received, no potential expert psychiatric testimony is before the court, nor is there any potential expert testimony whose admissibility can be reviewed.

. Dr. Rosen’s notes of her psychological evaluation of defendant are discoverable pursuant to CPL 240.30 (1) (a) both as documents relating to "psychiatric evidence” that defendant has served notice of intent to proffer at trial and as documents made by a person, other than defendant, whom defendant intends to call as a witness at trial.

. Recognizing that the defense may be unable within the 30-day period after the entry of a plea of not guilty that is set forth in CPL 250.10 (2) to determine what "psychiatric evidence”, including potential expert testimony, it may wish to proffer, the statute authorizes a later filing of such notice, "[i]n the interest of justice and for good cause shown”.
The notice requirements of CPL article 250 should be read in conjunction with the general provision relating to discovery set forth in CPL 240.60. A defendant is required to amend his or her original notice, if one is served prior to his or her determining the nature of the "psychiatric evidence” he or she wishes to proffer, to detail with greater specificity the "psychiatric evidence” that he or she may offer at trial, once that is determined.
In this case, defendant first served notice indicating he intended to call two psychologists at trial to provide "psychiatric evidence”. He indicated that at that time, prior to the examination of defendant by the experts he retained, he was unclear as to the nature of that "psychiatric evidence”. After he obtained the opinions of his experts he served an amended notice pursuant to CPL 250.10 (1) (c). Although he now argues that such notice was not required, he has not withdrawn that notice.

. Whereas CPL 250.10 only requires that a defendant give notice of "psychiatric evidence” which he or she intends to introduce at trial, the People are required to provide a report of the findings of experts retained by them irrespective of whether such expert opinions support the People’s position and irrespective of whether the People intend to call any of these experts at trial. Thus, the People continue to carry the greater reporting burden, one which comports with the special role of the prosecutor in the adversarial process.

. For example, if the "psychiatric evidence” is to include the results of psychodiagnostic testing, the prosecutor may decide to retain an expert in that area to review and respond to that "psychiatric evidence”. If the "psychiatric evidence” is that the defendant suffered from an acute organic brain syndrome at the time of the crime, the prosecutor may decide to retain an expert in organic psychiatry and/or neurology rather than a nonmedical mental health professional. If the "psychiatric evidence” relates to mental retardation or to another developmental disability the prosecutor may wish to obtain an expert in developmental disabilities. In any event, without knowing the nature of the "psychiatric evidence” to be presented, the prosecutor would be unable to assess it and determine how to respond to it, resulting, in effect, in the very situation that the Legislature intended to obviate by enacting CPL 250.10.

. In this regard, reference to the provisions of the 1985 revision of CPLR 3101 (d) providing for discovery relating to potential expert witnesses (L 1985, ch 294) is illustrative. (See also, 1984 Report of Advisory Comm on Civ Prac to Chief Administrator of Courts of State of NY, 1985 CLS Session Laws of NY, at 3390-3392.)

. CPL 250.10 is essentially a discovery statute. However, because the failure to comply properly with its requirements could result in an application by the People that the court find that the proposed defense expert testimony is inadmissible under the rules of evidence, the provisions of CPL 60.10 are applicable here. As in this case, in the event that serious pretrial questions are raised as to the admissibility of the proposed "psychiatric evidence”, proper notice pursuant to CPL 250.10 enables the court to resolve such evidentiary issues in advance of trial, to the benefit of the defense and the prosecution in their preparation for trial and to the benefit of the court in furtherance of its obligation to facilitate an orderly trial that is not hampered by delays that can be prevented by appropriate pretrial case management.

. It is reasonable to assume that the 1985 revision of CPLR 3101 (d) which provided for discovery relating to potential expert witnesses, a provision which the Legislature did not limit by statute to civil cases, was intended, in part, to address the concerns expressed by Judge Bellacosa, in his keenly insightful 1982 Commentary on CPL 240.30. Therein, he accurately predicted, "defense counsel may not even trust all these safeguards and may rely instead on the fact that the reach of the section is only at written reports or documents. While there is a reciprocal duty in subdivision 2 for diligent good faith effort by the defense counsel one could rightly suppose that written reports might be on the decrease while this section is tested in the courts. Good faith would not seem to require the creation of written reports when not clearly necessary!” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.30, at 376-377.)

. Counsel is reminded that under the rules of evidence failure to comply with the requirements of CPL 250.10 or with the requirements of CPLR 3101 (d) may result in such evidence being ruled inadmissible at trial. (See, People v Tumerman, 133 AD2d 714, 715 [2d Dept 1987]; cf., People v Davis, 136 Misc 2d 1076,1079-1080.)

. It is noted that it is standard practice for an expert who is to be called to testify at trial to prepare a report setting forth their opinion and the bases for it.
Noteworthy in this regard are the applicable Standards for the Practice of Forensic Clinical Social Work, promulgated by the National Federation of Societies for Clinical Social Work, in November 1986.
Those standards note, in pertinent part,
"Obligations regarding reporting of forensic evaluation results:
"At a minimum, the report of a forensic clinical social work evaluation should set forth: 1) the clinical-legal issue(s) for which evaluation was requested, 2) at whose request the evaluation was performed, 3) the legal criteria used in the formulation of the clinical-legal opinion, 4) the dates of any examinations and the amount of time spent in conducting those examinations, 5) a listing of any documents, records, collateral interviews or other data relied on in formulating the clinical-legal opinion, 6) the clinical-legal opinion on the issue(s) in question and 7) the reasoning in support of the opinion, detailing the application of the relevant data obtained as a result of the evaluation to the applicable legal criteria.
"In preparing a forensic clinical social work evaluation report, forensic clinical social workers should disclose any information obtained in the course of their evaluation which they believe could reasonably be expected to call their opinion into question or which would support an opposing opinion. Similarly, forensic clinical social workers should disclose any limitations in their evaluation that are known to them which might affect the validity or reliability of their opinion. Once disclosed, they should indicate why they gave limited weight to this data and to these limitations when formulating their opinion.”
The standards also stress that,
"When providing forensic clinical social work evaluation services, consultation or testimony, the forensic clinical social worker’s primary client is the legal system. The forensic clinical social worker’s primary obligation is to maintain the integrity of the legal process, not to advocate the best interests of the person being evaluated.
"Forensic clinical social workers must carry out the functions of providing forensic clinical social work evaluation services, consultation and testimony, in an impartial and objective manner.
"The clinical-legal opinions rendered by forensic clinical social workers should depend solely on the data they obtain as a result of their evaluations. Clinical-legal opinions should not be affected in any manner by the source of the request for evaluation of the source of payment for the evaluation.
"Although forensic clinical social workers may advocate for their opinions impartially and objectively arrived at, they should strive to assure that their impartiality and objectivity is not compromised by the adversarial nature of the legal process.”

. Defense counsel is cautioned that at trial, each defense expert’s testimony will generally be limited to the confines of the opinions set forth in their respective reports or in the statement to be provided by defense counsel in accordance with this order. Each defense expert’s testimony will also generally be limited to reliance on the examinations of defendant which he or she conducted and the other materials set forth in their respective reports or in the statement to be provided by defense counsel in accordance with this order. The testimony of such experts as to the bases for each of their opinions will also generally be limited to reliance on the bases for their respective opinions set forth in their respective reports or in the statement to be provided by defense counsel in accordance with this order.