■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEKSEY TUMERMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered July 16, 1986, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there was ample evidence presented from which the jury could have reasonably concluded that the People proved beyond a reasonable doubt that the defendant was not acting in self-defense when he shot and killed Valery Alexandrov. Accordingly, the defendant is not entitled to reversal of his conviction and a dismissal of the indictment.

The defendant also contends that certain of the trial court's evidentiary rulings were erroneous and that he is entitled to a new trial. We disagree. The trial court properly refused to allow the defendant's psychiatric expert to testify, in support of his justification defense, that the defendant suffered from "torture syndrome" which allegedly heightened his sensitivity to and fear of danger, since the defendant failed to provide notice, as required by statute, that he intended to offer psychiatric evidence (see, CPL 250.10; *People v Cruickshank,* 105 AD2d 325, *affd* 67 NY2d 625). Nor did the trial court err in precluding the defendant from offering evidence as to three instances of the victim's violent behavior of which the defendant had knowledge (while permitting the admission of evidence of other instances of the victim's violent behavior) since these three instances were not reasonably related in time and quality to the particular defense advanced by the defendant at trial (see, *People v Miller,* 39 NY2d 543). The trial court's admission into evidence of the prior videotaped testimony of one Olga Andreeva (CPL 670.20 [1]) is also not a sufficient ground for reversal. This witness was not under the People's direct control and the Assistant District Attorney stated in open court, without contradiction, that he had ascertained from the witness' closest relatives, that she was in Europe and her whereabouts there, as well as her return date to the United States, were unknown. Under these circumstances, this witness' unavailability, which was a condition precedent to the admission of her prior videotaped testimony (CPL 670.10 [1]), was adequately established.

The defendant also contends that certain errors in the court's charge warrant reversal of his conviction and a new trial. Specifically, the defendant contends that the trial court erred in refusing to charge manslaughter in the second degree as a lesser included offense. However, there is no reasonable view of the evidence in the record to support a conclusion that the defendant, who shot at his unarmed victim eight separate times, acted recklessly, and the court's refusal to charge

manslaughter in the second degree was thus correct. The defendant's contentions with respect to the court's justification charge are either unpreserved or meritless.

Finally, the defendant contends that his sentence was imposed without due process of law. We disagree. A review of the record indicates that the defendant was afforded more than ample opportunity at sentencing to refute any aggravating factors set forth in the presentence report (see, CPL 400.10). There is nothing in the record which indicates that the sentence was based on erroneous or unsubstantiated information or should be modified in any way.

We have examined the defendant's remaining contentions and have found them to be without merit. Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.