*902 OPINION OF THE COURT
William A. Kelly, J.
COMPELLING A DEFENSE EXPERT TO PRODUCE A REPORT AND COMPELLING DISCOVERY OF THE expert’s NOTES
Defendant has been indicted for murder in the second degree and assault in the first degree. The People have made an application for an order compelling the defendant’s experts to prepare and supply them with a report stating the findings and evaluations they made concerning the defendant. Their experts conducted two examinations of defendant in December 1989 after defendant served late notice on August 15, 1989 of his intent to offer evidence of extreme emotional disturbance and evidence of mental disease or defect (Penal Law § 125.25 [1] [a]; §40.15).
It appears that the notice of intent to proffer psychiatric evidence required to be served pursuant to CPL 250.10 has never been served to date. Defendant opposed the People’s application on the ground that there was no authority for such an order and that it would infringe on his Fifth Amendment privilege against self-incrimination. The court permitted the defendant to serve late notice and deemed their application be a request pursuant to CPL 250.10 (2) so as not to exact form over substance and thereby substantially prejudice the defendant by not permitting him to offer psychiatric evidence at his trial. (People v Tumerman, 133 AD2d 714 [1987].)
Thereafter the People began requesting copies of any reports or information pertaining to any defenses involving "psychiatric evidence” as early as September 27, 1989. They repeated their request on October 18, 1989, November 15, 1989 and November 22, 1989. Defense concedes that a number of psychiatric examinations were conducted, but they decided not to proceed only with an extreme emotional disturbance defense and that two subsequent examinations conducted in December of 1989 focused on a defense of diminished intent or inability to form a specific intent as a result of alcoholic "blackout”. On a number of occasions when the People requested particulars regarding any defense involving psychiat *903 rie evidence the court pointed out to defense counsel that they would risk preclusion of their psychiatric evidence if they did not provide the People with the necessary reports and/or particulars so that the People could make an application pursuant to the statute (CPL 250.10 [3]) to conduct their own psychiatric examination. On January 3, 1990, the defendant informed the court for the first time of this "alcoholic blackout” defense and the People objected on the ground of surprise and ambush. They argued the defense had not notified them of this defense even though they were aware of it much earlier, but did not inform the People with regard thereto despite the admonitions, of the court to do so in a timely manner. This court permitted defense counsel to videotape a conditional examination of Thomas Kenny on August 25, 1989 and his testimony focused on the defendant’s consumption of alcohol in April of 1989. Apparently the defense was aware of the alcohol component at least that early because they took steps to preserve the testimony of this witness because of the obvious importance defendant’s alcohol consumption would play in the case. The People’s contention that defense counsel was aware of the information pertaining to "alcohol blackout” earlier than December 1989, and therefore, in a position to supply that information much earlier than December seems justified especially since defendant had already been examined by a number of other psychiatrists prior to that time.
The court is aware of the decision in Matter of Mulvaney v Dubin (80 AD2d 566 [2d Dept 1981], revd on other grounds 55 NY2d 668) wherein the Second Department held that a trial court had no authority to compel, pursuant to CPL 240.30, production of a written report of a defense psychiatric expert in relation to an insanity defense when no written report had been prepared. However, that case was decided prior to the amendment of CPL 250.10 in 1982 which was passed subsequently and imposed broader notification requirements on defendants who intend to offer psychiatric evidence at trial. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 240.30, at 378; see also, 1985 amendment to CPLR 3101 [d] [which liberalized discovery in relation to potential expert witnesses].) The People also seek disclosure of the notes, and other materials prepared by the defendant’s expert witnesses during the course of their interviews and/or examinations pursuant to CPL 240.30, which section was also amended to provide expanded discovery of materials intended to be introduced at trial.
*904 I do not find the privilege against self-incrimination argument persuasive since a defendant who raises as defense of insanity or other psychiatric defense which places his mental state in issue waives his Fifth Amendment privilege against self-incrimination with respect to his mental state. While a psychiatrist may not be a competent witness on all matters concerning the commission of the crime, he may testify as to the facts which formulate the basis of his medical opinion on the question of the defendant’s mental state. (People v DiPiazza, 24 NY2d 342.) If a defendant refuses to submit to a mental examination if directed to do so the court may preclude the defendant from introducing expert testimony on his own behalf. (Matter of Lee v County Ct., 27 NY2d 432; see also, Estelle v Smith, 451 US 454.) Defendant seeks to distinguish this case on the ground that "alcohol blackout” is not an insanity defense and urges that waiver and/or preclusion do not apply with respect to nonstatutory defenses citing People v Gorman (123 Misc 2d 370). That case discusses privilege in the timing context, and to the extent that it suggests the application for medical discovery was premature, this court does not follow it since the purpose of liberalized discovery practice was to avoid gamesmanship and trial by surprise.
The defendant takes too narrow a view of the Lee decision (supra), when he suggests it involved merely a matter of statutory construction. In Lee it was noted that the prosecutor’s right to examine the defendant was based more broadly on principles of fairness and the integrity of the trial process. Even though alcoholic blackout is not specifically designated as a defense by statute, the People still bear the burden of proof with respect to every element of the crime, including intent whenever relevant (CPL 70.20). Although proof of alcoholic blackout may not have acquired the status of a statutory defense, and will not constitute a "complete” defense in the sense that it would relieve the defendant of criminal responsibility for his conduct, it may in a particular case negate a specific intent necessary to establish guilt. (People v Colavecchio, 11 AD2d 161.) Here the evidence of alcoholic blackout would be offered to show that the defendant could not form or did not have the necessary intent. The defendant seeks, on the one hand, to put the People to their proof with respect to his mental capacity and, on the other hand, deny them an opportunity to effectively meet that burden. The People have not waived any right to an examination at the eleventh hour as defendant contends, but instead *905 have consistently insisted upon it, but were not in a position to conduct an examination since the defendant never specified the psychiatric evidence to be proffered. The defendant’s notice of intent did not inform the People with any specificity of the nature of the psychiatric evidence or defense sought to be interposed. If the purpose of the notice requirement was to prevent trial by ambush, then the courts should interpret the statute to give effect to the intention of the Legislature which was to afford the People an adequate opportunity to review and assess the "psychiatric evidence” to be proffered by the defense and, if appropriate, to obtain psychiatric evidence necessary to refute it. (People v Davis, 136 Misc 2d 1076, 1077-1079.) The notice served herein was tantamount to no notice at all since defendant did not even specify the psychiatric evidence or paragraph or paragraphs on which he relied (CPL 250.30 [2]). The doctrine of statutory construction that permits interpretation of statutes in pari materia (McKinney’s Cons Laws of NY, Book 1, Statutes § 221) suggests the court should incorporate a specificity requirement by implication in order to remedy the mischief sought to be redressed by the Legislature.
A defendant’s psychiatric expert may avoid disclosure of his opinion by forbearing from writing a report, but he is required to maintain an accurate record reflecting interviews and evaluations of defendant. (Education Law § 6509 [9]; 8 NYCRR 29.2 [a] [3].) This requirement applies equally when a licensed health care professional provides an evaluation for forensic, rather than for clinical assessment or treatment purposes. (Matter of Gross v Ambach, 126 AD2d 1, affd 71 NY2d 859.)
It is the public policy of this State to further the search for truth and to enhance the fairness of our adversary system of justice. CPL 240.30 requires a defendant upon demand to disclose any documents or reports concerning a mental examination of the defendant if he has filed a CPL 250.10 notice and the document relates thereto (People v Cruickshank, 105 AD2d 235, 331, affd sub nom. People v Dawn Maria C., 67 NY2d 625). As Judge Bellacosa noted,
"Demand discovery will become an effective and fair tool in the State criminal judicial process when it is the product of reasonable mutual trust and cooperation, not when it becomes one side’s toy in a continued playpen setting. * * *
"[CPL 240.30] has been amended this time to provide more ample prosecutorial discovery of defendant’s material, in *906 tended to be introduced at trial”. (Practice Commentary, op. cit., at 378.)
Viewed in this light, CPL 250.10 is most logically interpreted as requiring the defense to disclose the opinions of its experts and the bases for those opinions as an integral part of its compliance with the statute’s notice requirement, just as the statute requires a report from the People’s experts, should the People choose to retain experts. To read CPL 250.10 as only requiring the People’s experts to submit reports would produce an unequal and unjust result that is at variance with the general purpose and intent of the statute and which defies common sense. (People v Fratt, 146 Misc 2d 77.)
This court finds no prejudice to defendant by requiring disclosure of the opinions of the experts the defense intends to call at trial and the bases for those opinions. Such disclosure will not alter the quality of the "psychiatric evidence” the defense proposes to offer. It can only assist this court and the trier of fact by focusing the issues more clearly.
The People have requested the court to direct the defendant to submit to a psychiatric examination pursuant to CPL 250.10 (3). Defendant opposes this request on the ground that "alcoholic blackout” is a nonstatutory defense and in particular objects to their designation of Dr. Allen Tuckman as the examiner since defendant had previously consulted him in connection with the then contemplated defense of extreme emotional disturbance, on the ground of violation of the physician-patient privilege and the privilege against self-incrimination. The purpose of this rule and the reason motivating the Legislature to establish this physician-patient privilege is to protect those who are required to consult physicians from the disclosure of secrets imparted to them, to protect the relationship of patient and physician and to prevent physicians from disclosing information which might result in humiliation, embarrassment, or disgrace to patients. (Steinberg v New York Life Ins. Co., 263 NY 45, 48-49; see also, Edington v Mutual Life Ins. Co., 67 NY 185, 194; Richardson, Evidence § 444 [Prince 10th edj.)
As previously noted, a defendant who raises the defense of insanity waives his Fifth Amendment privilege against self-incrimination with respect to his mental capacity (Matter of Lee v County Ct., supra). Even though the defendant is not technically raising an insanity defense, the rationale for compelling an examination is clearly applicable where the defen *907 dont places his mental state in issue. The Legislature, by amending CPL 250.10 in 1982, expanded the notice requirement beyond those situations where psychiatric testimony might be used in support of the traditional insanity defense to include other defenses as well, specifically including in paragraph "C”, any other defense not specified in paragraph "A” or "B”. When it became apparent that defendant would offer psychiatric evidence in support of the "alcohol blackout” defense or any other variant of a psychiatric defense, to demonstrate diminished capacity or negate the ability to form a specific intent, the physician-patient privilege as well as the privilege against self-incrimination with respect to the psychiatric records and documents relating thereto, are waived. It would be unfair to allow a defendant to raise an issue as to his mental state and then permit him to hide behind the privilege against self-incrimination and the physician-patient privilege. (Matter of Lee v County Ct., supra, at 442.) Defendant’s contention that Dr. Tuckman would not be an appropriate examiner is also rejected since the court held in People v Al-Kanani (33 NY2d 260) that the prosecution was permitted to call psychiatric experts to testify regarding defendant’s sanity even though they had treated the defendant (cf., People v Carfora, 25 NY2d 972). In People v Edney (39 NY2d 620), the court permitted a psychiatrist who had originally examined defendant at the request of defendant’s attorney to testify for the prosecution in rebuttal to testimony of another psychiatrist called by the defense. That case involved a similar issue pertaining to alcohol psychosis and the court said, when "a defendant reveals * * * the very facts which would be secreted by the exercise of the privilege, reason does not compel the exclusion of expert testimony based oh such facts or cross-examination concerning the grounds for opinions based thereon.” (Supra, at 625.) A defendant’s waiver of privilege permits the examiner to testify as to facts which formulate the bases of his medical opinion on the question in issue. Accordingly, the court directs the defendant to submit reports incorporating the findings of the expert psychiatric witnesses who will be testifying at trial and offering psychiatric evidence on behalf of the defendant. The court also directs the production and discovery of the materials prepared by the experts that defendant intends to call at trial, of their interviews and examinations of the defendant and any records that relate to defendant’s mental health and psycho-social functioning that were obtained as part of that evaluation of defendant, as well *908 as the notes and raw data related to any psycho-diagnostic tests administered. The testimony of Dr. Tuckman, who had examined defendant at the request of his attorney, is admissible. People v Al-Kanani (supra) is dispositive of the physician-patient privilege claim in that regard. If this court did not grant the People their statutory right of examination at this time, it would have to do so in the middle of trial, which would necessitate sending jurors home for an additional week or so, so that the examination could be conducted and the reports prepared and served upon defendant, otherwise he might be surprised or ambushed at trial by the People’s expert witness. In the special circumstances of this case where there is no prejudice to the defendant occasioned by the granting of the instant applications which are being made at this time because of the failure of the defendant to produce these materials in a more timely fashion, despite repeated requests for them by the People, and in the face of the otherwise substantial prejudice any other ruling would cause the People, their applications are granted. The People are directed to serve the report of their expert’s evaluations along with any notes or other documents pertaining to same which were utilized by or generated in the course of that evaluation or examination upon defendant’s counsel.