■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH BELLE, Appellant. [597 NYS2d 481] —Appeal from a judgment of the County Court of Schenectady County (Aison, J.), rendered April 16, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

The People initially indicated that they were willing to

allow defendant to plead guilty to the crime of criminal possession of a controlled substance in the fifth degree and to be sentenced to a prison term of 2 to 4 years. County Court would not agree to the plea premised on this sentence and required that defendant be sentenced to 3 to 6 years' imprisonment. Defendant agreed to this plea arrangement and subsequently pleaded guilty, with County Court imposing the agreed-upon sentence. Defendant now contends that County Court failed to exercise its discretion in agreeing to a determined sentence before considering defendant's presentencing report, that County Court erred in considering unreliable information in the presentence report and that the sentence is harsh and excessive.

We find that County Court properly exercised its discretion in sentencing defendant. Nothing in the record indicates that County Court felt constrained to acquiesce to the People's plea offer. To the contrary, County Court found that it could not agree to the People's offer and made its own offer based upon the circumstances of the case known at that time, including defendant's criminal record. Further, County Court accepted the plea conditioned upon defendant's acceptable behavior during the period between the plea and sentencing, and the presentence report did not contain information that would compel County Court to find the agreement inappropriate. This case is thus distinguishable from *People v Farrar* (52 NY2d 302), cited by defendant, in which the sentencing court failed to exercise its own discretion at sentencing. Here, County Court clearly imposed sentence only after considering defendant's particular circumstances.

We also reject defendant's contention that information in the presentence report indicating that he had been in a substance abuse program because his parole officer believed that he had a drug problem was unreliable and requires reversal. This information was based upon defendant's own statements which he has not shown were inaccurate *(see, People v Anderson,* 184 AD2d 922, *lv denied* 80 NY2d 901). In addition, defense counsel was given the opportunity to review and comment on the report but failed to do so *(see, supra; People v Tumerman,* 133 AD2d 714, *lv denied* 70 NY2d 938, *cert denied* 485 US 969). Given defendant's present offense and his past conviction of a drug-related offense, County Court's conclusion that defendant had a substance abuse problem was reasonable despite defendant's denials.

Finally, we find no reason to disturb the sentence imposed by County Court in view of defendant's criminal record and

the fact that defendant agreed to the sentence as part of his plea taken in satisfaction of a six-count indictment *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed.