OPINION OF THE COURT
Yorka C. Linakis, J.
The prosecution by motion dated September 10, 1993 seeks, inter alia, an order precluding the defendant from offering psychiatric and/or psychological evidence at trial for failing to file a notice pursuant to CPL 250.10 or in the alternative, an order compelling the defendant to serve such notice and to submit to a psychological/psychiatric examination.
The defendant is charged with two counts of murder in the second degree and one count of criminal possession of a weapon in the second degree. At her arraignment on February 16, 1993 in Part AA-1 her counsel raised the allegation of battered wife syndrome in support of her claim of justification. Thereafter, this was again raised before this court orally and in her response to the District Attorney’s reply to her omnibus motion where the defendant asserted the additional claim of extreme emotional disturbance. Repeated oral arguments were had relating to CPL 250.10 notice and the District Attorney’s request for an examination of the defendant. The court directed any such application be submitted in writing.
Before the written application was made, new counsel was substituted on behalf of the defendant. Additional oral argu *613 ment was had on the question relating to notice which resulted in defendant submitting a memorandum of law dated August 13, 1993.
The defendant opposes the relief sought contending that the assertion of the battered wife syndrome in support of her claim of justification does not give rise to CPL 250.10 notice requirement and the concomitant obligation of subjecting herself to a psychiatric/psychological examination.
The battered wife syndrome is a description of identifiable psychological characteristics exhibited by women who have experienced physical and emotional abuse in an intimate relationship over an extended period of time (People v Torres, 128 Misc 2d 129, 132). Testimony relating to the battered wife syndrome is admissible as having a substantial bearing on the defendant’s state of mind at the time of the shooting and goes to the reasonableness of her perceptions and behavior at the time of the incident (People v Torres, supra, at 134). Simply, it is probative of the reasonableness of defendant’s apprehension of danger at the time of the shooting (People v Miller, 39 NY2d 543). Testimony relating to this syndrome is beyond the common knowledge of the trier of the facts and requires expert testimony relating to complex psychological and social phenomena (People v Torres, supra).
In her memorandum of August 13, 1993, pages one to two, defendant indicates that at the trial of this matter ”[S]he intends to introduce evidence from a psychologist which will establish that she acted with justification when she shot her husband * * * That psychologist will explain why [she] behaved justifiably * * * Without question, this expert testimony will bear upon [her] state of mind — how she perceived behavior of her husband and the effect upon her of years of abuse”.
The law of our State precludes the introduction of psychological/ psychiatric evidence at trial unless the defendant serves upon the People a written notice of her intent to present such evidence (CPL 250.10 [2]). This notice must be served within 30 days after arraignment. However, for good cause shown such filing may be at a later time (CPL 250.10 [2]).
CPL 250.10 (1) defines psychiatric evidence as not only evidence of a mental disease or defect offered by the defendant in connection with a claim of insanity, or extreme emotional disturbance, but also evidence offered in connection with any other defense.
*614 The defendant again objects to the filing of said notice claiming that the battered wife syndrome does not involve a mental disease or defect. Therefore, it is argued that the notice provisions of CPL 250.10 are inapplicable and she does not have to subject herself to an examination.
The phrase "mental disease or defect” should not be given the narrow meaning sought by the defense. On the contrary, the appellate court has given this phrase a more expansive reading (People v Cruickshank, 105 AD2d 325, 328-329, affd 67 NY2d 625).
In People v Cruickshank (supra) defendant underwent treatment with a hypnotic drug to revive her memory of past sexual assaults by her father, the deceased. The Court directed defendant to file the notice and to submit to psychiatric examination where it became apparent that defendant might pursue the affirmative defense of extreme emotional disturbance and/or the defense of justification. As to the justification defense the appellate court found that the trial court’s actions were proper pursuant to CPL 250.10.
In People v Tumerman (133 AD2d 714, lv denied 70 NY2d 938) the appellate court approved the trial court’s refusal to allow defendant’s psychiatric expert to testify in support of his justification defense since notice was not provided. In Tumerman testimony was sought to establish that defendant suffered from the "torture syndrome” which allegedly heightened his sensitivity to fear and danger.
Appellate courts have required notice where a defendant by offering psychiatric testimony sought to establish that he lacked specific intent to commit the alleged crime due to his alleged low I.Q. and his susceptibility to being led by authority figures (People v Oakes, 168 AD2d 893).
There is no question that the defendant Nikki Rossakis is seeking to offer a psychiatric defense in support of her claim of justification as to the charges relating to murder (the justification defense is not available to the charge of criminal possession of a weapon in the second degree [People v Pons, 68 NY2d 264]). Simply, defendant seeks to escape punishment for the shooting by reason of her claimed mental condition at the time of the commission of the acts charged.
Under this circumstance, defendant may not advance her claim and then seek to make the rules for the determination of such claims (Matter of Lee v County Ct., 27 NY2d 432, 440; People v Esposito, 287 NY 389, 397). Since defendant is seek *615 ing to escape punishment for the alleged murder based upon her mental state, she is subject to use of established methods to determine her claim objectively (People v Esposito, supra).
Further, the defendant by placing her mental state in issue has waived the privilege against self-incrimination (People v Segal, 54 NY2d 58; Matter of Lee v County Ct., supra). Simply, where a defendant places her mental state in issue by offering expert psychiatric/psychological testimony in support of a psychiatric defense of justification, fundamental fairness requires that notice pursuant to CPL 250.10 be served and the People be permitted to conduct a psychiatric/psychological examination of her (People v Segal, supra; Matter of Lee v County Ct., supra; see also, People v Daly, 146 Misc 2d 901).
Accordingly, the defendant is directed to file a notice pursuant to CPL 250.10 within 10 days of the date of this order and decision and to submit to and cooperate with a psychiatric/ psychological examination to be conducted by the People.
The District Attorney also argues that should the court direct that defendant file and serve the notice then said notice should comply with CPLR 3101 (d). In support thereof the District Attorney cites People v Fratt (146 Misc 2d 77). The court does not find the arguments advanced in People v Fratt (supra) as it relates to CPLR 3101 (d) as persuasive. CPLR 3101 (d) is a civil rule of disclosure and relates to the pretrial discovery of the name of an expert witness, the subject matter of the testimony and the expert’s qualifications. Since the CPL already provides for disclosure (CPL art 240), the CPLR is not applicable (see, CPL 60.10).
Of course, this does not mean that discovery is not available. Accordingly, the court directs that defendant comply with the discovery provisions of CPL 240.30 (1). Further, when the defendant produces and makes the discovery materials available they must include: (1) any interviews and examinations of the defendant; and (2) any records that relate to defendant’s mental health; and (3) any records that relate to defendant’s psycho-social functioning that were obtained as part of defendant’s evaluation; and (4) any notes and raw data related to any psychological diagnostic tests which were administered (People v Daly, supra, at 907-908); and (5) any notes or raw data relating to defendant’s evaluation.
Said discovery materials are to be provided within 10 days of service of a notice pursuant to CPL 250.10.
To expedite this proceeding, the People are also directed to *616 serve upon defense counsel a copy of the report or reports of their experts’ examinations and evaluations and any notes or other documents pertaining to the same which were utilized by or generated in the course of the examinations (People v Daly, supra).
Finally, the People and the defense are reminded of their continuing duty of disclosure pursuant to CPL 240.60.
The court must note that defendant in her response deals solely with notice as it applies to the battered wife syndrome. Since she has failed to raise the question of extreme emotional disturbance as an affirmative defense the court will assume that no such claim is being made.