■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD KRUGLIK, Appellant. [682 NYS2d 440] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered September 25, 1996, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly ordered him to submit to a psychiatric examination upon his service of notice pursuant to CPL 250.10 of his intention to use psychiatric evidence. In support of his justification defense, the defendant sought to introduce expert testimony about how some people behave as if on "automatic pilot" under extremely stressful situations. Although the expert did not examine the defendant, notice pursuant to CPL 250.10 was required and the court thereupon had the authority to direct a psychiatric examination of the defendant (*see,* CPL 250.10; *People v Berk,* 88 NY2d 257, *cert denied* 519 US 859). Moreover, the defendant waived his Fifth Amendment right against self-incrimination when he placed his mental state in issue by offering expert psychiatric evidence in support of his justification defense (*see, People v Cruickshank,* 105 AD2d 325, 331, *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625; *People v Rossakis,* 159 Misc 2d 611, 613-615; *see also, People v Segal,* 54 NY2d 58).

The court properly precluded the testimony of another expert regarding "steroid rage", a behavioral state of hostility and anger resulting from prolonged use of steroids. As there was no evidence that the decedent, whom the defendant allegedly was defending himself and his friend against, was under the influence of steroids at the time of the incident, there was no foundation upon which the expert could base his opinion (*see, Cassano v Hagstrom,* 5 NY2d 643, 646; *Hugelmaier v Town of Sweden,* 144 AD2d 934). Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.