■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT EVANS, Appellant. [761 NYS2d 835] —Appeal by the defendant from a judgment of the County Court, Nassau County (Ort, J.), rendered June 28, 2001, convicting him of burglary in the third degree and criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT FLOYD, Appellant. [761 NYS2d 836] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered May 24, 2001, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal does not foreclose review of his contention that he did not violate a condition of his plea (*see People v Saad,* 286 AD2d 782 [2001]). The defendant violated the terms of his plea agreement by failing to fully comply with the requirements of the Treatment Alternatives to Street Crime Program (*see People v Owens,* 294 AD2d 603 [2002]). Under the circumstances, the Supreme Court providently exercised its discretion in denying him another opportunity to complete the drug treatment program. Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.