—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murphy, J.), rendered July 1, 2010, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant pleaded guilty in exchange for the Supreme Court’s conditional promise that, if the defendant successfully completed a substance abuse treatment program, the indictment would be dismissed. However, the court explained to the defendant that, if he violated the terms of the plea agreement, he would be sentenced to an alternative sentence that included a determinate term of seven years of imprisonment, to be followed by a period of five years of postrelease supervision. The defendant concedes that he violated the terms of the plea agreement by leaving the treatment program without permission and against clinical advice. Although the defendant contends on appeal that the sentencing court abused its discretion, and violated his due process rights, by imposing the enhanced sentence, his claim, properly viewed, amounts to a request that we substitute our discretion for that of the sentencing court (see People v Suitte, 90 AD2d 80, 86 [1982]; see also People v Emma, 101
*933 AD3d 1146, 1147 [2012]). The defendant’s valid waiver of his right to appeal, however, forecloses appellate consideration of the defendant’s contention that the sentencing court improvidently exercised its discretion in imposing the enhanced sentence (see People v Emma, 101 AD3d at 1147; People v Miles, 268 AD2d 489, 490 [2000]). Although the defendant’s alternative contention that the Supreme Court improperly delegated or failed to exercise its discretion at sentencing does survive the defendant’s valid waiver of his right to appeal (see People v Nolcox, 40 AD3d 1128, 1128 [2007]), this contention is unpreserved for appellate review (see People v Arrington, 94 AD3d 903, 903 [2012]; People v Miles, 268 AD2d at 490; see also People v Mercado, 101 AD3d 755, 755 [2012], lv denied 20 NY3d 1013 [2013]) and, in any event, is without merit (see People v Nolcox, 40 AD3d at 1128; cf. People v Seymour, 21 AD3d 1292, 1292-1293 [2005]; People v Belle, 192 AD2d 993, 994 [1993]; compare People v Farrar, 52 NY2d 302 [1981]). Rivera, J.E, Dickerson, Leventhal and Roman, JJ., concur.