Appeal by the defendant from a judgment of the Supreme *1017 Court, Queens County (Camacho, J.), rendered October 6, 2011, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant pleaded guilty to criminal possession of a controlled substance in the third degree, a class B felony, in exchange for the Supreme Court’s promise that, if he successfully completed a substance abuse treatment program, he would be permitted to plead guilty to a reduced charge of criminal possession of a controlled substance in the seventh degree, a class A misdemeanor. However, the court explained to the defendant that, if he violated the terms of the plea agreement, he would be sentenced to a prison term of up to six years. The defendant left the treatment program without permission.
Contrary to the defendant’s contention, the Supreme Court did not improvidently exercise its discretion or violate the defendant’s due process rights in determining that the defendant violated the terms of the plea agreement and in sentencing him accordingly (see People v Gary, 106 AD3d 932, 932 [2013], lv denied 21 NY3d 1042 [2013]; People v Suitte, 90 AD2d 80, 86 [1982]; see also People v Emma, 101 AD3d 1146, 1147 [2012]). Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.